# IN THE UNITED STATES DISTRCIT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AMY J. YURICEK | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | Removed From: |
| | ) | Mahoning County Common Pleas Case No. |
| OSCAR R. MONTERROSA, ET AL. | ) | 21CV124 |
| | ) | |
| Defendants. | ) | |
| | ) | **NOTICE OF REMOVAL** |

Defendants, Oscar Monterrosa and Roline Express, Inc. (collectively "Defendants") hereby remove the lawsuit pending before the Mahoning County Court of Common Pleas, Case No. 21CV124, to the United States District Court of the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, as there exists complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000. In support of this removal, Defendants aver the following:

**PROCEDURAL HISTORY**

1. On January 22, 2021, Plaintiff Amy Yuricek ("Plaintiff") commenced Case No. 21CV124 in the Mahoning County Court of Common Pleas against Defendants Oscar Monterrosa, Roline Express, Inc., John Doe Company, and State Farm Mutual Insurance Company ("State Farm"). See *Pl's Compl.,* attached at **Exhibit A.**

2. As to these Defendants, and as to the John Doe Defendant, in Counts One through Three of her Complaint, Plaintiff alleges she sustained bodily injuries and damages after Defendant Monterrosa's semi-truck struck her vehicle on 1-76 in Mahoning County, Ohio. She

1

alleges that Defendant Monterrosa was acting in the course and scope of his employment with Defendant Roline Express, Inc. and/or Defendant John Doe Company. Ex. A, ¶¶ 1-10.

3. Specifically, Plaintiff alleges she incurred the following damages and injuries as a result of the accident: (1) permanent and severe injuries of the mind and body; (2) medical treatment and expenses; (3) emotional distress; (4) loss of enjoyment of life; (5) lost wages; and (6) "other injuries, damage and loss, all of which circumstances will continue into the future." Ex. A, ¶¶ 2-4.

4. Plaintiff seeks to recover "an amount in excess of $25,000" from the Defendants. Ex. A, p. 5.

5. Count Four of Plaintiff's Complaint alleges that her automobile insurer, State Farm, may have subrogation rights relating to medical payments coverage. Ex. A, ¶¶ 11-16.

6. Count Five of Plaintiff's Complaint alleges she is entitled to bodily injury coverage under her policy with State Farm. Ex. A, ¶¶17-22.

7. Plaintiff asserts no claims for liability against State Farm. *See* Ex. A, generally.

8. On February 23, 2021, State Farm filed its Answer to Plaintiff's Complaint, and asserted a crossclaim against Defendants for contribution and/or indemnification. See *State Farm Answer,* attached at **Exhibit B**.

## LEGAL STANDARD

9. 28 § U.S.C. § 1441(a) provides that "…any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

10. 28 U.S.C. § 1332(a)(1) provides that: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between citizens of different States."

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. The burden to prove that the amount in controversy exceeds $75,000 is on the moving party, or in this case Defendants. See *Halsey v. AGCO Corp.,* No. 17-6403, 2018 U.S. App. LEXIS 31679, *5 (6th Cir. Nov. 8, 2018). Courts have recognized that "this is not a 'daunting burden' that requires the defendants to 'research, state and prove the plaintiff's claim for damages.'" *Id.* (citations omitted). "Instead, the defendants need only 'show that it is 'more likely than not' that the plaintiff's claims' exceed $75,000." *Id.*

12. Courts hold that, where a plaintiff's complaint includes claims for unspecified damages or serious or permanent bodily injury, it is facially apparent from these allegations that the amount in controversy exceeds $75,000 for the purposes of establishing diversity jurisdiction. See *Monvoy v. Cont'l Airlines, Inc.,* No. 2:09-CV-072, 2009 U.S. Dist. LEXIS 55649 (S. D. Ohio June 12, 2009)(holding it was facially apparent from plaintiff's complaint that jurisdictional minimum requirement was met where plaintiff sought damages in excess of $25,000 for "permanent physical injuries."); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (holding that jurisdictional amount was facially apparent where plaintiff alleged unspecified damages arising out of medical expenses and permanent disability).

13. Here, Plaintiff alleges that she sustained several categories of injury and damage, including "severe injuries of mind and body" that required medical and hospital attention and that are permanent in nature. Ex. A, ¶¶ 2-4. She also alleges she has incurred lost wages. *Id.* Further, she alleges she anticipates she will continue to incur additional damages and expense

into the future. Ex. A, ¶ 2. She claims these damages are in an amount in excess of $25,000. Ex. A, p. 5.

14. Given these allegations, it facially apparent from the allegations in Plaintiff's Complaint, and more likely than not, that the amount in controversy, exclusive of costs and interests, exceeds $75,000.

## COMPLETE DIVERSITY EXISTS

15. "When an action is removed based on diversity, a federal court must determine whether complete diversity exists at the time of removal." *Winkler v. Win Aviation*, No. 2:16-cv-629, 2016 U.S. Dist. LEXIS 183809, *3-4 (S.D. Ohio, Dec. 29, 2016). In doing so, "'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties in interest to the controversy.'" *Id.;* citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). A formal party is defined as "'one who has no interest in the result of the suit and need not have been made a party thereto.'" *Id.;* citing *Grant Cnty. Deposit Bank v. McCampbell,* 194 F.2d 469, 472 (6th Cir. 1952).

16. In *Winkler,* the plaintiff asserted claims against the defendant for damages and bodily injuries. *Id.* at *1-2. The plaintiff also asserted a claim against the Ohio Bureau of Workers' Compensation ("BWC") to seek declaratory relief as to its subrogation rights. *Id.*

17. The defendants removed the case based on diversity, arguing that the BWC was a nominal party and its Ohio citizenship should be disregarded for the purposes of determining whether complete diversity exists. *Id.* at *3-4. In response, Plaintiff argued complete diversity did not exist because the BWC was not merely a nominal party because it had an interest in the case by way of its subrogation rights. *Id.*

4

18. In coming to its decision, the Court relied on the holding in *Spangler v. Sensory Effects Powder Systems, Inc.,* No. 3:15 CV 75, 2015 U.S. Dist. LEXIS 42894 (N.D. Ohio Apr. 1, 2015), which held that the BWC was a nominal party whose citizenship should be disregarded for the purpose of determining whether complete diversity exists:

> There are no allegations against the Bureau and there is no controversy involving the agency. Further, the Bureau has no control over the subject matter of the lawsuit. Rather the controversy in this case is whether [Plaintiff] is entitled to recover damages from Defendants for injuries which [s]he suffered as a result of the incident. The Bureau's lien is secondary to the purpose of the suit.

*Id.*

19. The same conclusion should result here. In the case at bar, "there are no allegations against [State Farm]" and "[State Farm] has no control over the subject matter." Ex. A; citing *Spangler v. Sensory,* 2015 U.S. Dist. LEXIS 42894. Instead, the true controversy at issue is whether Plaintiff is entitled to seek recovery on her claims for injury and damage from Defendants. State Farm's liens are secondary to the purpose of the suit.

20. Consequently, State Farm is a nominal party whose citizenship must be disregarded by this Court for the purpose of determining diversity.

21. Because the Plaintiff is a citizen of Warren, Ohio and Defendants are each citizens of the State of California, complete diversity exists and this Court has jurisdiction over this action.

## ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

22. 28 U.S.C. § 1446(b) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." In a telephone call on February 22, 2021, counsel for State Farm, Kimberly Wyss, noted State Farm's consent to the Defendants' removal of the action.

5

23. Defendant Roline Express, Inc. was served on February 1, 2021, thus, removal is timely. See *Docket,* attached at **Exhibit C.**

24. A true and accurate copy of this Notice of Removal will be filed with the Mahoning County Common Pleas Court, and with the Clerk of Courts of the United States District Court for the Northern District of Ohio, Eastern Division as required by law.

Based on the foregoing, this action is properly removed from the Court of Common Pleas for Mahoning County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division for all further proceedings.

                                                      Respectfully Submitted,

*/s/ Ashley C. Wakefield*
Jonathan M. Menuez (0064972)
Ashley C. Wakefield (0093761)
SUTTER O'CONNELL
1301 E. 9th Street
3600 Erieview Tower
Cleveland, OH 44114
(216) 928-2200
Fax (216) 928-4400
jmenuez@sutter-law.com
awakefield@sutter-law.com

*Attorneys for Defendants Oscar Monterrosa and Roline Express, Inc.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Notice of Removal has been served upon the following via the Court's e-filing system and via electronic mail this 2nd day of March, 2021:

Kurt D. Latell
BLAR & LATELL CO., LPA
724 Youngstown Warren Road
Niles, Ohio 44446
blairlatell@blairlatell.com

*Attorney for Plaintiff*

Kimberly K. Wyss
MILLIGAN PUSATERI CO., LPA
4686 Douglas Circle, N.W.
Canton, Ohio 44735
kwyss@milliganpusateri.com

*Attorney for Defendant State Farm Mutual Insurance Company*

                                                  */s/ Ashley C. Wakefield*
                                                  Ashley C. Wakefield (0093761)

                                                  *Attorney for Defendants Oscar Monterrosa and Roline Express, Inc.*