*ELECTRONICALLY FILED*
*2021 Jan 22 AM 10:11*
*Anthony P. Vivo, CLERK OF COURT - MAHONING*

## IN THE COURT OF COMMON PLEAS
## MAHONING COUNTY, OHIO

| | |
|---|---|
| **AMY J. YURICEK**<br>1190 Beachwood Street, SW<br>Warren, Ohio 44485<br><br>   Plaintiff<br><br>v.<br><br>**OSCAR R. MONTERROSA**<br>440 W. Scott Street<br>Rialto, CA 92376<br><br>and<br><br>**ROLINE EXPRESS, INC.**<br>23421 S. Pointe Drive, Suite 100<br>Laguna Hills, CA 92653<br><br>and<br><br>**JOHN DOE COMPANY**<br>(Name and Address unknown)<br><br>and<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**<br>1440 Granville Road<br>Newark, Ohio 43055<br><br>   Defendants | CASE NO. 21 CV 124<br><br>JUDGE SWEENEY<br><br><br>**COMPLAINT**<br>(OTHER TORT)<br><br><br><br><br><br><br><br>JURY DEMAND<br>ENDORSED HEREON |

Now comes Plaintiff, **AMY J. YURICEK**, by and through the undersigned counsel and for her complaint against Defendants, **OSCAR R. MONTERROSA, ROLINE EXPRESS, INC., JOHN DOE COMPANY** and **STATE FARM MUTUAL AUTOMOBILE**

1


EXHIBIT A

INSURANCE COMPANY, states as follows:

## COUNT ONE

1. On or about February 4, 2019, on Interstate Route 76 at or near Milepost 57 in the Township of Jackson, Mahoning County, Ohio, Defendant, **OSCAR R. MONTERROSA**, negligently operated a semi-tractor-trailer truck into collision with the vehicle operated by Plaintiff, **AMY J. YURICEK**.

2. As a direct and proximate result of Defendant, **OSCAR R. MONTERROSA**'s negligence, Plaintiff, **AMY J. YURICEK** sustained severe injuries of mind and body, was required to have medical care and hospital attention, suffered great pain of mind and body, lost enjoyment of her life, has incurred medical, hospital, and related expenses as well as other injuries, damage and loss, all of which circumstances will continue into the future.

3. Plaintiff, **AMY J. YURICEK**'s injuries are permanent.

4. Plaintiff, **AMY J. YURICEK** has lost income as a result of this collision.

## COUNT TWO

5. Plaintiff realleges and reavers each and every allegation contained in paragraphs one (1) through four (4) of her Complaint as if fully rewritten herein.

6. Defendant, **ROLINE EXPRESS, INC.** was the owner of the vehicle being operated by Defendant, **OSCAR R. MONTERROSA**, at the time of the collision.

7. At the time of the collision, Defendant, **OSCAR R. MONTERROSA**, was operating the vehicle as an agent and/or servant for and in the scope of his employment with Defendant, **ROLINE EXPRESS, INC.**, which is vicariously liable to

Plaintiff, **AMY J. YURICEK** for the negligence of Defendant, **OSCAR R. MONTERROSA.**

## COUNT THREE

8. Plaintiff realleges and reavers each and every allegation contained in paragraphs one (1) through seven (7) of her Complaint as if fully rewritten herein.

9. In the alternative, Defendant, **JOHN DOE COMPANY, (name unknown)** was the owner of the vehicle being operated by Defendant, **OSCAR R. MONTERROSA**, at the time of the collision.

10. At the time of the collision, Defendant, **OSCAR R. MONTERROSA**, was operating the vehicle as an agent and/or servant for and in the scope of his employment with Defendant, **JOHN DOE COMPANY**, which is vicariously liable to Plaintiff, **AMY J. YURICEK** for the negligence of Defendant, **OSCAR R. MONTERROSA.**

## COUNT FOUR

11. Plaintiff realleges and reavers each and every allegation contained in paragraphs one (1) through ten (10) of her Complaint as if fully rewritten herein.

12. On or about February 4, 2019 at the time of the automobile accident described in Count One, Plaintiff, **AMY J. YURICEK** was insured under an automobile insurance policy issued by Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** hereinafter referred to Defendant, "**STATE FARM**". A copy of said policy is not attached hereto because Defendant, **State Farm** has a copy of said policy and it contains numerous pages and attachments.

13. The **State Farm** policy referred to above contains a provision by which

Plaintiff, **AMY J. YURICEK** is entitled to medical payment coverage under said policy.

14. Pursuant to the medical payments coverage provision under said policy, Defendant, **STATE FARM** agreed to pay for the reasonable and necessary medical expenses incurred by Plaintiff, **AMY J. YURICEK** caused by the accident referred to in Count One, up to the applicable policy limits.

15. Defendant, **STATE FARM** had paid in medical payment benefits for medical bills incurred by Plaintiff as a result of the automobile accident referred to in Count One.

16. Upon information and belief, Defendant, **STATE FARM** has asserted a subrogation interest against Plaintiff, **AMY J. YURICEK** in the amount of medical payment benefits it has paid as a result of the automobile accident referred to in Count One.

## COUNT FIVE

17. Plaintiff, **AMY J. YURICEK**, realleges and reavers each and every allegation contained paragraphs one (1) through sixteen (16) of Plaintiff's Complaint as fully rewritten herein.

18. The **STATE FARM** policy referred to above contains a provision by which Plaintiff, **AMY J. YURICEK** is entitled to recover damages for bodily injuries resulting from the acts of uninsured and/or underinsured owners or operators of motor vehicles.

19. On or about February 4, 2019, while said policy of automobile insurance was in full force and effect, Plaintiff, **AMY J. YURICEK** suffered bodily injury caused by an automobile accident.

20. Said automobile accident was caused by the negligence of Defendant, **OSCAR R. MONTERROSA** an operator of an uninsured and/or underinsured motor

vehicle.

21. As a direct result of the collision, Plaintiff, **AMY J. YURICEK** sustained injuries of mind and body, was required to have medical care and hospital attention, suffered great pain of mind and body, lost enjoyment of her life, has incurred medical, hospital, and related expenses as well as other injuries, damage and loss, all of which circumstances will continue into the future.

22. Plaintiff, **AMY J. YURICEK**, has complied with all the terms and conditions of the automobile insurance policy issued by Defendant, **STATE FARM.**

WHEREFORE, Plaintiff, **AMY J. YURICEK** seeks judgment as follows:

1. On Count One and Two against Defendant, **OSCAR R. MONTERROSA** and Defendant, **ROLINE EXPRESS, INC.**, in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus interest, costs of this action and such other relief as the Court deems just and equitable; and

2. On Count Three against Defendant, **JOHN DOE COMPANY**, in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus interest, costs of this action and such other relief as the Court deems just and equitable; and

3. On Count Four that Defendant, **STATE FARM** be required to establish its rights, if any, against Plaintiff, **AMY J. YURICEK** or be forever barred from any interest in the outcome of this case.

4. On Count Five against Defendant, **STATE FARM**, in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus interest, court costs and such other relief deemed proper.

Respectfully submitted,

Kurt D. Latell (#0061587)
Attorney for Plaintiff
BLAIR & LATELL CO., LPA
724 Youngstown Warren Road
Niles, Ohio 44446
(330) 544-4002 (telephone)
(330) 544-4110 (facsimile)
blairlatell@blairlatell.com

## JURY DEMAND

Trial by jury is hereby demanded.

Kurt D. Latell (#0061587)
Attorney for Plaintiff

## INSTRUCTIONS TO THE CLERK

Please serve the Defendants with summons and Complaint at the above captioned address by certified U.S. mail return receipt requested pursuant to Rule 4.1 of the Ohio Rules of Civil Procedure.

Kurt D. Latell (#0061587)
Attorney for Plaintiff

6

*2021 CV 00124*